IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GRAHAM                                    *
                     Plaintiff,
        v.                                    *  CIVIL ACTION NO. JFM-06-1297

LARRY WRIGHT                          .    *
                  Defendant.

                           ***

## MEMORANDUM

This 42 U.S.C. § 1983 civil rights complaint was received for filing on May 18, 2006. Plaintiff, who is currently confined at the Baltimore City Detention Center, seeks to "file a counterclaim" against one "Republican member" Larry Wright.  Although the complaint is fairly cryptic, it appears that Larry Wright filed a criminal complaint against plaintiff.  Paper No. 1. Plaintiff claims that Wright fabricated the charges.  *Id*.

Because he appears indigent, plaintiff's request to proceed in forma pauperis shall be granted.  The complaint, however, shall be denied for the failure to raise a claim of constitutional dimension.

The jurisdictional and threshold requirements of §1983 civil actions are that a substantial federal question be asserted and that the named defendant be acting "under color of" state law.  *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).  The court fails to recognize a legitimate federal question from the allegations set out in the complaint.  Moreover, defendant is a private individual who does not act "under color of" state law and is not amenable to suit under §1983.

Because plaintiff's § 1983 complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be

dismissed as legally frivolous pursuant to 28 U.S.C. §1915(e).[1]  This represents the third §1915(e)

dismissal to be charged to plaintiff.[2]  He is hereby notified that he is barred from filing future suits

in forma pauperis unless he satisfies the "imminent danger" exception sent out in 28 U.S.C. §

1915(g).[3]

A separate Order follows dismissing this case pursuant to 28 U.S.C. § 1915(e).

Date:  May 31, 2006                                  /s/
                                                J. Frederick Motz
                                                United States District Judge

---

[1]       28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)   the allegation of poverty is untrue; or
(B)   the action or appeal--
     (i)   is frivolous or malicious;
     (ii)  fails to state a claim on which relief may be granted; or
     (iii) seeks monetary relief against a defendant who is immune from
           such relief.

[2]       *See Graham v. State*, Civil Action No. CCB-04-3713 (D. Md. 2004) and *Graham v. State of Maryland Judiciary System, et al.*, CCB-05-1217 (D. Md. 2005).

[3]       28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.